IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KONDAUR CAPITAL CORPORATION,

v.

SCOTT S. STROUP, et al.

Defendants.

3:18-CV-1189
(JUDGE MARIANI)

## ORDER

**AND NOW, THIS** \_\_\_17th\_\_\_ **DAY OF NOVEMBER, 2018**, upon *de novo* review of Magistrate Judge Carlson's Report and Recommendation ("R&R") (Doc. 8), Defendants' Objections thereto (Doc. 9), and all other relevant documents, **IT IS HEREBY ORDERED THAT**:

1. Defendants' Objections (Doc. 9) are **OVERRULED**. Defendants object to the Magistrate Judge's singular focus on the requirements of 28 U.S.C. § 1446 and assert that this matter "is not constrained by the '30 Day Limit'". Despite Defendant's belief that because they have asserted that this is a civil rights action, and admit that they are not before this Court on the basis of diversity of citizenship, § 1446 is not applicable to them, this argument fails for the reasons set forth in the R&R and supported by the case law therein. Defendants' objections amount to a request that this Court ignore statutorily prescribed procedural requirements due to Defendants' broad assertion, without support, that a merits analysis of the action may demonstrate that the action may have otherwise been properly brought in federal

court. Furthermore, a review of the Complaint (Doc. 1-2) reveals that this action is one solely for ejectment. While prolific in their filings, Defendants have failed to carry their burden of demonstrating that this action is properly before the court on the basis of a federal question.[1]

2. The R&R (Doc. 8) is **ADOPTED** for the reasons set forth therein.

3. Plaintiff's "Motion to Remand Ejectment Case to State Court" (Doc. 4) is **GRANTED**.

4. The above-captioned matter is **REMANDED** to the Court of Common Pleas of Carbon County.

5. The Clerk of Court is directed to **CLOSE** the case.

_____
Robert D. Mariani
United States District Judge

---

[1] A removing party bears the burden of demonstrating "that at all stages of the litigation the case is properly before the federal court." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Id.* (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).